**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, AND TRANSPORTATION WORKERS ("SMART") LOCAL UNION NO. 36 WELFARE FUND; TRUSTEES OF THE INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, AND TRANSPORTATION WORKERS ("SMART") LOCAL UNION NO. 36 PENSION FUND; TRUSTEES OF THE INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, AND TRANSPORTATION WORKERS ("SMART") JOINT APPRENTICESHIP FUND; BOARD OF DIRECTORS OF THE ST. LOUIS METAL WORKING INDUSTRY FUND; and INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, and TRANSPORTATION WORKERS ("SMART") LOCAL UNION NO. 36, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 4:20-cv-1160<br><br>Additional Required Service under 29 U.S.C. § 1132(h) to:<br><br>U.S. Department of Labor Attn: Assistant Solicitor for Plan Benefits Security 200 Constitution Ave., NW Washington, DC 20002 |
| Plaintiffs, | ) ) ) | U.S. Department of Treasury Attn: Secretary of the Treasury 1500 Pennsylvania Ave., NW Washington, DC 20220 |
| vs. | ) ) | |
| H & H SHEET METAL & CONTRACTING COMPANY; | ) ) ) | |
| Serve: Kathryn J. Hart, Registered Agent 411 St. Louis Avenue Valley Park, MO 63088 | ) ) ) ) | |
| AND | ) ) | |
| SHOW-ME METALS, LLC; | ) ) | |
| Serve: Anthony Kaiser, Registered Agent 125 San Marino Pkwy. Fenton, MO 63026 | ) ) ) ) | |
| AND | ) ) | |
| KATHRYN JO HART, Individually and as Owner of H&H SHEET METAL & CONTRACTING COMPANY | ) ) ) | |

1

| | |
|---|---|
| Serve: Kathryn Hart | ) |
| 411 St. Louis Avenue | ) |
| Valley Park, MO 63088 | ) |
| | ) |
| AND | ) |
| | ) |
| ANTHONY KAISER, Individually and as President of H&H | ) |
| SHEET METAL & CONTRACTING COMPANY | ) |
| | ) |
| Serve: Anthony Kaiser | ) |
| 125 San Marino Pkwy. | ) |
| Fenton, MO 63026 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

## PARTIES

1.     As set forth more fully below, Plaintiffs are trustees of various employee welfare, pension, and other benefit plans and funds.

2.     Plaintiff, the International Association of Sheet Metal, Air, Rail and Transportation Workers ("SMART"), Local Union No. 36, AFL-CIO ("SMART Local Union No. 36") is a voluntary association in which employees participate and which exists for the purpose of dealing with employers concerning grievances, labor disputes, pay, hours, and other terms and conditions of employment.  SMART Local Union No. 36 is a labor organization within the meaning of Section 2(5) of the Labor Management Relations Act, 29 U.S.C. § 152(5).

3.     Defendant, H & H Sheet Metal & Contracting Company (herein "H&H Sheet Metal" or "H&H") is a corporation duly organized and existing under the laws of the State of Missouri.  At all times relevant to this complaint, H&H was engaged in the sheet metal construction industry with its principal place of business at 411 St. Louis Ave, Valley Park, MO 63088, and was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

The registered agent for H&H is Kathryn J. Hart, 411 St. Louis Avenue, Valley Park, MO 63088.

4.     Defendant, Show-Me Metals, LLC (herein "Show-Me" or "Show-Me Metals") is a corporation duly organized and existing under the laws of the State of Missouri.  Show-Me is engaged in the sheet metal construction industry with its principal place of business at 411 St. Louis Avenue, Valley Park, MO 63088, and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).  The registered agent for Show-Me Metals is Anthony Louis Kaiser, 125 San Marino Pkwy, Fenton, MO 63026.

5.     Defendant, Kathryn J. Hart (herein "Hart") is an individual residing in St. Louis County.  Hart is the Owner of H&H Sheet Metal and she signed the payment agreement on behalf of H&H in that capacity and Individually.

6.     Defendant Anthony Kaiser (herein "Kaiser") is an individual residing in St. Louis County.  Kaiser is the President of H&H Sheet Metal and he signed the payment agreement on behalf of H&H in that capacity and Individually. Defendant Anthony Kaiser is also the Registered Agent and sole Organizer of Show-Me Metals.

## JURISDICTION AND VENUE

7.     This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act (LMRA) of 1947, as amended, 29 U.S.C. § 185, each of which provide that Federal District Courts have jurisdiction over suits thereunder.

8.     Venue is proper in this Court in that an action brought by trust fund fiduciaries may be brought in a district where the breach took place, where a defendant resides or may be found, or where the plan is administered.  29 U.S.C. § 1132(e)(2).  All defendants reside in this district.

## FACTS COMMON TO ALL COUNTS

9.     On March 1, 2017, Darius Hart, in his capacity as President of Defendant H&H, signed the "Acceptance of Agreement" binding Defendant H&H to the then current Collective Bargaining Agreement ("Labor Agreement") between the St. Louis Chapter, Sheet Metal and Air Conditioning Contractors National Association ("SMACNA") and Local 36 and any successor Labor Agreement. Defendant authorized SMACNA to serve as its collective bargaining agent and agreed to be a member of the multi-employer bargaining unit represented by SMACNA. A copy of the Acceptance of Agreement is attached hereto and incorporated herein as Exhibit 1.

10.     At all times material herein, Defendant H&H has been obligated by the provisions of the Labor Agreement to file reports and pay monthly contributions to the Plaintiff employee benefit Trust Funds for the benefit of eligible bargaining unit employees and individuals covered under the Labor Agreement, and Trust Agreements and Trust Plans incorporated therein by reference, at the rates set forth in the Labor Agreement.

11.     Reports and contributions are due on the 20th of the succeeding month.

12.     At all times material herein, Defendant H&H employed bargaining unit employees and/or individuals on whose behalf it has been required to pay contributions and forward salary deferrals.

13.     In December 2018, Darius Hart passed away and Defendant Kaiser assumed the position of president of Defendant H&H which he continues to hold.

14.     On January 29, 2020 Defendant Kaiser informed Plaintiffs that "H&H Sheet Metal will be returning its workers to the hall after today."

15.     On March 3, 2020 Defendant Kaiser, as registered agent and sole organizer, filed

4

Articles of Incorporation with the Missouri Secretary of State for Defendant Show-Me Metals.

16.     Show-Me Metals has continued to perform sheet metal work that had previously been performed by H&H Sheet Metal from the same location and for the same clients.

17.     Based on the common ownership, common address and common work Show-me metals is a successor to H&H Sheet Metal.

18.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and Article VIII, Section 24(a) of the Labor Agreement, and the Trust Fund Agreements incorporated therein, Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest or double interest on late paid and unpaid contributions and lost earnings on late paid and unpaid salary deferrals.  Unless stated otherwise in this Complaint, the Trustees of the Plaintiff Trust Funds have duly established liquidated damages and interest to be applied to any contribution that is not paid when due: the liquidated damage amount is $100 and interest is 1½ percent for each month, or part of a month, that the contribution is unpaid.

19.     Under Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) and the Trust Agreements incorporated into the Labor Agreement, Defendant is obligated to pay attorney's fees and costs incurred by Plaintiff Funds in collecting unpaid contributions.

20.     On or about April 20, 2020 the Plaintiffs, along with several SMART National Benefit Funds to which contributions were due, received payment on a $40,000 surety bond which Defendant H&H had with Great American Insurance Company. The proceeds were allocated to all the local and national benefit funds.

21.     When the surety bond payment was received on or about April 20, 2020, the interest and liquidated damages due to Plaintiffs was calculated on the amounts paid but additional amounts continue to accrue on the remaining contribution obligation.

## COUNT I - INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS ("SMART") LOCAL UNION NO. 36 WELFARE FUND CLAIMS

**COME NOW** Plaintiffs, the Trustees of the International Association of Sheet Metal, Air, Rail and Transportation Workers ("SMART") Local Union No. 36 Welfare Fund (herein "Welfare Fund") and for their cause of action state:

22.     Plaintiffs reallege and incorporate as part of Count I paragraphs 1 – 21 as if set out herein in full.

23.     The Welfare Fund is a covered "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1), with its administrative office located at 2319 Chouteau Avenue, St. Louis, Missouri 63103.

24.     Plaintiffs Ray Reasons, II, George Welsch, Jeremy Snyder, Tom    Hyde,    Tom Leonard, and Bill Meeh are the Trustees of the Welfare Fund and control and manage the operation and administration of the Welfare Fund.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

25.     For various months from May 2018 through October 2019, Defendant H&H filed reports and paid contributions due to the Welfare Fund for hours worked by its bargaining unit employees and covered individuals but failed to do so in the time required by the Labor Agreement.

26.     Defendant H&H's failure to timely file reports and pay contributions is a violation of the Labor Agreement and ERISA.

27.     Defendant H&H owes a certain amount in interest and liquidated damages on the late paid contributions for various months from May 2018 through October 2019.

28. For the months of November 2019 through January 2020, Defendant H&H filed reports but failed to pay contributions due to the Welfare Fund for hours worked by its bargaining unit employees and covered individuals.

29. Defendant's failure to timely file reports and pay contributions is a violation of the Labor Agreement and ERISA.

30. After the $40,000 was received from the Great American Surety Bond on or about April 20, 2020, the money was allocated among the Plaintiff funds as well as the National Benefit Funds with the Welfare Fund receiving its pro rata share.

31. The amount distributed to the Welfare Fund covered some but not all the contributions that Defendant H&H owed to the Welfare Fund for the months of November 2019 through January 2020 and covered none of the interest or liquidated damages.

**WHEREFORE**, the Trustees of the Welfare Fund pray for an order and judgment against Defendants H&H Sheet Metal and Show-Me Metals:

A. For payment of the remaining unpaid contributions due to the Welfare Fund for the working months of November 2019 through January 2020;

B. For payment of interest and liquidated damages owed to the Welfare Fund on the late paid contributions for various months from May 2018 forward and on the unpaid and delinquent contributions due for the working months of November 2019 through January 2020;

C. For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter;

D. For such other relief as this Court deems just, equitable and appropriate.

## COUNT II - INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS ("SMART") LOCAL UNION NO. 36 PENSION FUND CLAIMS

**COME NOW** Plaintiffs, the Trustees of the International Association of Sheet Metal, Air, Rail and Transportation Workers ("SMART") Local Union No. 36 Pension Fund (herein "Pension Fund"), and for their cause of action state:

32.     Plaintiffs reallege and incorporate as part of Count II paragraphs 1 – 21 as if set out herein in full.

33.     The Pension Fund is a covered "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2), with its administrative office located at 2319 Chouteau, St. Louis, Missouri 63103.

34.     Plaintiffs Ray Reasons, II, George Welsch, Jeremy Snyder, Tom    Hyde,    Tom Leonard, and Bill Meeh are the Trustees of the Pension Fund and control and manage the operation and administration of the Pension Fund.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

35.     For various months from May 2018 through October 2019, Defendant H&H filed reports and paid contributions due to the Pension Fund for hours worked by its bargaining unit employees and covered individuals but failed to do so in the time required by the Labor Agreement.

36.     Defendant H&H's failure to timely file reports and pay contributions is a violation of the Labor Agreement and ERISA.

37.     Defendant H&H owes a certain amount in interest and liquidated damages on the late paid contributions for various months from May 2018 through October 2019.

38.   For the months of November 2019 through January 2020, Defendant H&H filed reports but failed to pay contributions due to the Pension Fund for hours worked by its bargaining unit employees and covered individuals.

39.   Defendant's failure to timely file reports and pay contributions is a violation of the Labor Agreement and ERISA.

40.   After the $40,000 was received from the Great American Surety Bond on or about April 20, 2020 the money was allocated among the Plaintiff funds as well as the National Benefit Funds with the Pension Fund receiving its pro rata share.

41.   The amount distributed to the Pension Fund covered some but not all the contributions that Defendant H&H owed to the Pension Fund for the months of November 2019 through January 2020 and covered none of the interest or liquidated damages.

**WHEREFORE**, the Trustees of the Pension Fund pray for an order and judgment against Defendants H&H Sheet Metal and Show-Me Metals:

A.   For payment of the remaining unpaid contributions due to the Pension Fund for the working months of November 2019 through January 2020;

B.   For payment of interest and liquidated damages owed to the Pension Fund on the late paid contributions for various months from May 2018 forward and on the unpaid and delinquent contributions due for the working months of November 2019 through January 2020;

C.   For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter;

D.   For such other relief as this Court deems just, equitable and appropriate.

## COUNT III - INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, AND TRANSPORTATION WORKERS ("SMART") LOCAL UNION NO. 36 JOINT APPRENTICESHIP AND TRAINING FUND CLAIMS

**COME NOW** Plaintiffs, the Trustees of the International Association of Sheet Metal, Air, Rail, and Transportation Workers ("SMART") Local Union No. 36 Joint Apprenticeship and Training Fund (herein "Apprenticeship Fund"), and for their cause of action state:

42.     Plaintiffs reallege and incorporate as part of Count IV paragraphs 1 – 21 as if set out herein in full.

43.     The Apprenticeship Fund is a covered "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1), with its administrative office located at 2319 Chouteau, St. Louis, Missouri 63103.

44.     Plaintiffs Ray Reasons, Jeremy Snyder, Jason LaChance, Dan Durphy, Russ Scott, and Tom Hyde are the Trustees of the Apprenticeship Fund and control and manage the operation and administration of the Apprenticeship Fund.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

45.     For various months from May 2018 through October 2019, Defendant H&H filed reports and paid contributions due to the Apprenticeship Fund for hours worked by its bargaining unit employees and covered individuals but failed to do so in the time required by the Labor Agreement.

46.     Defendant's failure to timely file reports and pay contributions is a violation of the Labor Agreement and ERISA.

47.     Defendant H&H owes a certain amount in interest and liquidated damages on the late paid contributions for various months from May 2018 through October 2019.

48.     For the months of November 2019 through January 2020, Defendant H&H filed reports but failed to pay contributions due to the Apprenticeship Fund for hours worked by its bargaining unit employees and covered individuals.

49.     Defendant's failure to timely file reports and pay contributions is a violation of the Labor Agreement and ERISA.

50.     After the $40,000 was received from the Great American Surety Bond on or about April 20, 2020 the money was allocated among the Plaintiff funds as well as the National Benefit Funds with the Apprenticeship Fund receiving its pro rata share.

51.     The amount distributed to the Apprenticeship Fund covered some but not all the contributions that Defendant H&H owes to the Apprenticeship Fund for the months of November 2019 through January 2020 and covered none of the interest or liquidated damages.

**WHEREFORE**, the Trustees of the Apprenticeship Fund pray for an order and judgment against Defendants H&H Sheet Metal and Show-Me Metals:

A.     For payment of the remaining unpaid contributions due to the Apprenticeship Fund for the working months of November 2019 through January 2020;

B.     For payment of interest and liquidated damages owed to the Apprenticeship Fund on the late paid contributions for various months from May 2018 forward and on the unpaid and delinquent contributions due for the working months of November 2019 through January 2020;

C.     For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter;

D.     For such other relief as this Court deems just, equitable and appropriate.

## COUNT IV - INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS ("SMART") LOCAL UNION NO. 36, AFL-CIO CLAIMS

**COMES NOW** Plaintiff SMART Local Union No. 36, and for its cause of action states:

52.     Plaintiff realleges and incorporates as part of Count VI, paragraphs 1 – 21 as if set out herein in full.

53.     SMART Local Union No. 36's claims are for breach of contract and arise under Section 301 of the LMRA of 1947, as amended, 29 U.S.C. § 185.

54.     Pursuant to the Labor Agreement, Defendant is obligated to withhold union dues and other related amounts administered by the Union (together referred to as contributions to the Education, Building and Public Relations Fund or "EOPR Fund") from the paychecks of covered employees and pay them on a monthly basis to the EOPR Fund.

55.     SMART Local Union No. 36 administers the EOPR Fund, which includes the STL Dues.

56.     For various months from May 2018 through October 2019, Defendant H&H filed reports and paid amounts due to the EOPR Fund for hours worked by its bargaining unit employees and covered individuals but failed to do so in the time required by the Labor Agreement.

57.     Defendant's failure to timely file reports and pay these amounts is a violation of the Labor Agreement.

58.     Defendant H&H owes a certain amount in interest and liquidated damages on the late paid amounts for various months from May 2018 through October 2019.

59.     For the months of November 2019 through January 2020, Defendant H&H filed reports but has failed to pay amounts due to the EOPR Fund for hours worked by Defendant's

bargaining unit employees and covered individuals as required by the Labor Agreement.

60.     Defendant's failure to pay these amounts is a continuing violation of the Labor Agreement.

61.     After the $40,000 was received from the Great American Surety Bond on or about April 20, 2020 the money was allocated among the Plaintiff funds as well as the National Benefit Funds with the EOPR Fund receiving its pro rata share.

62.     The amount distributed to the EOPR Fund covered some but not all the amounts that Defendant H&H owes to the EOPR Fund for the months of November 2019 through January 2020 and covered none of the interest and liquidated damages.

**WHEREFORE**, SMART Local Union No. 36 prays for an order and judgment against Defendants H&H Sheet Metal and Show-Me Metals:

A.     For payment of the unpaid amounts due to the EOPR Fund for the working months of November 2019 through January 2020;

B.     For payment of interest and liquidated damages owed to the EOPR Fund on the late paid amounts for various months from May 2018 forward and on the unpaid and delinquent contributions due for the working months of November 2019 through January 2020;

C.     For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter;

D.     For such other relief as this Court deems just, equitable and appropriate.

## COUNT V - ST. LOUIS METALWORKING INDUSTRY FUND CLAIMS

**COME NOW** Plaintiffs, the Board of Directors of the St. Louis Metalworking Industry Fund (herein "Industry Fund") and for their cause of action state:

63.     Plaintiffs reallege and incorporate as part of Count VII, paragraphs 1 – 21 as if set

out herein in full.

64.     The Industry Fund's claims are for breach of contract and arise under Section 301 of the LMRA of 1947, as amended, 29 U.S.C. § 185.

65.     The Industry Fund is a Missouri Corporation with its offices at 10405 Liberty, St. Louis, Missouri.  The Industry Fund is an industry promotion fund and administers PRIDE and mandatory drug testing.

66.     For various months from May 2018 through October 2019, Defendant H&H filed reports and paid contributions due to the Industry Fund for hours worked by its bargaining unit employees and covered individuals but failed to do so in the time required by the Labor Agreement.

67.     Defendant's failure to timely file reports and pay contributions is a violation of the Labor Agreement.  Defendant is liable to the Industry Fund, which is a third-party beneficiary of the Labor Agreement, pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.

68.     Defendant H&H owes a certain amount in interest and liquidated damages on the late paid contributions for various months from May 2018 through October 2019.

69.     For the months of November 2019 through January 2020, Defendant H&H filed reports but failed to pay contributions due to the Industry Fund for hours worked by Defendant's bargaining unit employees and covered individuals as required by the Labor Agreement.

70.     Defendant's failure to pay these contributions is a continuing violation of the Labor Agreement.  Defendant is liable to the Industry Fund, which is a third-party beneficiary of the Labor Agreement, pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.

71.     After the $40,000 was received from the Great American Surety Bond on or about April 20, 2020 the money was allocated among the Plaintiff funds as well as the National Benefit

Funds with the Industry Fund receiving its pro rata share.

72.     The amount distributed to the Industry Fund covered some but not all the contributions that Defendant H&H owes to the Industry Fund for the months of November 2019 through January 2020 and covered none of the interest and liquidated damages.

**WHEREFORE**, the Industry Fund prays for an order and judgment against Defendants H&H Sheet Metal and Show-Me Metals:

A.     For payment of the unpaid contributions due to the Industry Fund for the working month of November 2019 through January 2020;

B.     For payment of interest and liquidated damages owed to the Industry Fund on the late paid contributions for various months from May 2018 forward and on the unpaid and delinquent contributions due for the working months of November 2019 through January 2020;

C.     For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter;

D.     For such other relief as this Court deems just, equitable and appropriate.

such other relief as this Court deems just, equitable and appropriate.

<u>**COUNT VI -BREACH OF CONTRACT AND
ENTRY OF JUDGMENT BY CONSENT**</u>

**COME NOW** Trustees of the Sheet Metal Local 36 Welfare Fund; the Trustees of the Sheet Metal Local 36 Pension Fund; and Local 36 Sheet Metal Workers' International Association, AFL-CIO, which administers the EOPR Fund (collectively the "Funds"), and state as follows:

73.     Plaintiff realleges and incorporates as part of Count VIII, paragraphs 1 – 21, 23-24, 33-34, 54-55 as if set out herein in full.

74.     This cause of action is for breach of a contract between Plaintiff Funds and Defendant H&H, Defendant Hart, an individual, and Defendant Kaiser, an individual, for unpaid

employee benefit contributions, interest, liquidated damages, costs, and attorneys' fees under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act (LMRA) of 1947, as amended, 29 U.S.C. § 185.

75.     This Court has jurisdiction over this claim pursuant to 28 U.S.C. §§ 1367, which grants the District Court supplemental jurisdiction over all claims related to an action which the court has original jurisdiction.

76.     On or about August 28, 2018 Defendant H&H, via Darius Hart, then President of Defendant H&H and its duty authorized representative, entered into a Settlement Agreement with the Funds providing for the payment of unpaid employee benefit contributions for the months from May 2018 through July 2018 ("2018 Agreement").

77.     Defendant H&H acknowledged, in the 2018 Agreement that it owed the Funds $82,485.73 in reported but unpaid contributions for the months of May 2018 through July 2018.

78.     On or about January 3, 2019, Defendant H&H via Owner Kathryn Hart and President Tony Kaiser, its duly authorized representatives, singed an Addendum to the 2018 Agreement ("2019 Addendum").  The 2019 Addendum fully incorporated the August 28, 2018 Settlement Agreement.  A full and accurate copy of the 2019 Addendum is attached hereto and incorporated herein as Exhibit 2.

79.     In the 2019 Addendum, Defendant H&H acknowledged that it still owed the Funds $73,113.74 in reported but unpaid contributions under the 2018 Agreement.  Defendant H&H also acknowledged that it owed the Funds $22,537.34 in reported but unpaid contributions for the month of November 2018.

80.     Pursuant to the terms of the 2019 Addendum, Defendant H&H agreed to pay the total $91,275.43 in twenty monthly installments of $4,565.00 each.  Defendant H&H also agreed to "remain current" by timely submitting the monthly reports and contributions by the dates required by the Labor Agreement.

81.     Pursuant to the terms of the 2019 Addendum, Defendant H&H agreed that if it defaulted, Defendant H&H shall be liable for and pay: (1) the full amounts in unpaid contributions, interest, liquidated damages, costs and attorneys' fees remaining due under the Agreement as if those contributions were due on the date they were originally due, and (2) interest and liquidated damages on any remaining unpaid contributions that have accrued and would have otherwise continued to accrue.

82.     Pursuant to the terms of the 2019 Addendum, the Defendant H&H agreed that a copy of the Addendum constitutes conclusive proof of the amounts due under the Addendum, and that this Court may enter an immediate Consent Judgment for all amounts set forth in the Addendum as well as interest and liquidated damages, attorneys' fees and costs incurred in collecting these delinquent amounts.

83.     Under the 2019 Addendum, Defendant Hart and Defendant Kaiser agreed to personally guarantee the amounts due and agreed that any amounts not paid by Defendant H&H could be recovered against Defendant Hart and Defendant Kaiser personally and individually.

84.     Defendant H&H failed to make any payments after November 2019.

85.     The Defendant's failure to timely make payments due under the 2019 Addendum, is a breach of the parties' 2019 Addendum

86.     On or about February 28, 2020 the Plaintiffs received payment on a $40,000 surety bond which Defendant H&H had with FCCI Insurance Company.

17

87.     Accounting for payments received from Defendant H&H and from FCCI Insurance Company, the remaining balance under the 2019 Addendum is $2,178.28.   The Funds have exercised their right to immediately accelerate this balance due and Defendant H&H, Defendant Hart, and Defendant Kaiser must immediately pay this amount plus interest, liquidated damages, attorneys' fees and costs which continue to accrue.

**WHEREFORE**, the Funds pray for an order and judgment against Defendant H&H, Defendant Hart and Defendant Kaiser

A.     For the Court to enter an immediate Consent Judgment on Count VIII of their Complaint;

B.     For payment of the remaining balance of $2,178.28 in unmade payments due under the 2018 Agreement and 2019 Addendum;

C.     For payment of interest and liquidated damages on the remaining unpaid contributions that would have otherwise continued to accrue;

D.     For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter;

E.     For such further relief as the Court deems just, equitable and appropriate.

Respectfully submitted,

SCHUCHAT, COOK & WERNER

*/s/ Amanda K. Hansen*
Amanda K. Hansen (64889MO)
Rhona S. Lyons (33831MO)
555 Washington Ave.   #520
St. Louis, MO 63101
(314) 621-2626
FAX: 314-621-2378
akh@schuchatcw.com
rsl@schuchatcw.com

818130.doc